UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DUNCAN,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>        Defendant. | Case No. 24-cv-01525-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

Before the Court is Plaintiff Mark Duncan's motion to remand. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to remand for the following reasons.

I.    **BACKGROUND**

Plaintiff Mark Duncan brings a negligence and premises liability action against Defendant Walmart, Inc. for injuries stemming from a slip and fall at a Walmart Supercenter in Antioch, California. ECF 1 at 8-10. Walmart removed the action to federal court on March 12, 2024, invoking diversity jurisdiction. ECF 1 ¶¶ 3-8. Walmart's notice of removal indicates that Duncan is a citizen of California and Walmart is incorporated under Delaware law and has its principal place of business in Arkansas. ECF 1 ¶¶ 4-5. Walmart states that it received a verbal settlement demand of $200,000 from plaintiff's counsel during a telephone conference on March 1, 2024. ECF 1 ¶ 6; ECF 12-1 ¶ 5.

In the instant motion, Duncan moves to remand the action to state court for lack of subject matter jurisdiction. ECF 6.

## II. DISCUSSION

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. Pursuant to 28 U.S.C. § 1446, a defendant may file a notice of removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A removing defendant bears the burden of establishing the basis for the federal court's jurisdiction. See *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near canonical rule that the burden on removal rests with the removing defendant"). Duncan moves to remand the action, arguing that the amount in controversy does not meet the required $75,000 threshold because Section 1446 does not apply to oral statements. ECF 6 at 3-5. The Court agrees.

Section 1466 references an "an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(3). While a settlement letter may provide sufficient notice of the amount in controversy, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007), the Ninth Circuit has not addressed whether verbal settlement communications trigger the 30-day removal period. District courts in this circuit have "generally held that oral statements are not an 'other paper' which triggers removal under 42 U.S.C. § 1446(b)." *Jiminez v. Sears, Roebuck & Co.*, No. CV10-1076PA(FFMX), 2010 WL 653548, at *2 (C.D. Cal. Feb. 18, 2010) (gathering cases); *see, e.g.*, *Mendoza v. OM Fin. Life Ins. Co.*, No. C09-01211JW, 2009 WL 1813964, at *5 (N.D. Cal. June 25, 2009) (finding that "oral communications do not constitute 'other papers' for the purposes of § 1446(b)"); *Molina v. Lexmark Int'l, Inc.*, No. CV0804796MMMFMX, 2008 WL 4447678, at *17 (C.D. Cal. Sept. 30, 2008) (same).

Walmart urges this Court to follow cases from various circuits allowing defendants to submit evidence relevant to the amount in controversy and permitting defendants' allegations to rely on "estimates, inferences, and deductions." ECF 12 at 5-6. However, none of these cases address the fundamental issue here – whether a verbal settlement demand suffices to establish the amount in controversy. The Ninth Circuit has held that "removal statutes should be construed

2

narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  The removal statute here, 28 U.S.C. § 1446(b), references motions, pleadings, orders, and "other papers."  It does not include verbal statements, and Walmart has provided no authority showing that removal on such a basis is proper under 28 U.S.C. § 1446(b).  Walmart has thus not met its burden to show that the amount in controversy exceeds $75,000.  *See Abrego Abrego*, 443 F.3d at 684.  Accordingly, the Court does not have diversity jurisdiction and **GRANTS** Duncan's motion to remand.  *See* 28 U.S.C. § 1447(c).  The Clerk **SHALL** transmit the file to Contra Costa Superior Court and **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: June 18, 2024

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

3